Flora PILLOW, d/b/a Flo's Beauty Salon,
Appellant,

v.

COMMONWEALTH of Kentucky, ex rel.,
DIVISION OF UNEMPLOYMENT IN-
SURANCE, Appellee.

Court of Appeals of Kentucky.

Jan. 30, 1970.

————◆————

Aaron F. Overfelt, Bowling Green, for appellant.

Ben Mann, Div. of Unemployment Ins., Paul E. Tierney, James G. Childers, Robert E. Adams, Dept. of Economic Security, Frankfort, for appellee.

CLAY, Commissioner.

This suit was filed on relation of the Division of Unemployment Insurance to recover delinquent payments allegedly due by defendant appellant Pillow under KRS Chapter 341. This defendant filed a motion to dismiss, which was overruled, and an answer. Plaintiff appellee filed a motion for summary judgment, which was granted, and the plaintiff was allowed a recovery of approximately $1600. The judgment recites that by agreement of the parties they were heard "on the merits".

On this appeal the defendant raises many issues of fact and law. We are unable to comprehend the cast of this case as now presented to us. The trial court properly overruled defendant's motion to dismiss the complaint because it did state a claim upon which relief could be granted. However, defendant's answer denied each and every allegation of the complaint. This ostensibly created issues of fact. The record contains no stipulations, no admissions by defendant, and no evidentiary material (other than exhibits).

One of the initial issues raised by the pleadings, which may involve both questions of fact and law, is whether the order of the Unemployment Insurance Commission (dated February 3, 1967), upon which this suit was based, was final and conclusive because defendant did not appeal therefrom under KRS 341.450 within 20 days, as therein prescribed. The trial court did not rule on this question, which we think is a significant one and could be controlling.

We cannot tell from the record whether or not there are any issues of material fact. Certainly defendant's answer created fact issues. We do not know how to interpret the recitation in the judgment that the parties had agreed to a hearing "on the merits". The "merits" of what?

Since this controversy was apparently thoroughly tried before the Unemployment Insurance Commission, it seems that the

principal issues in the case are those of law rather than fact, but in the state of the record before us, with no admissions, stipulations, proof or findings, we do not know what issues were argued or determined by the trial judge. We are unable to review the record in its present condition.

We therefore find it necessary to remand this case for the purpose of permitting the parties by pleadings, interrogatories, pretrial conference, proof, or otherwise, to properly present to the trial court those matters about which there is a real controversy and which should, if appropriate, be adjudicated by specific findings and conclusions.

The judgment is reversed for proceedings consistent with this opinion.

All concur.